UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER G. COOK, et al, : | |
|     Plaintiffs, : | CIVIL ACTION NO. |
| : | 3:07-CV-712 (JCH) |
| v. : | |
| : | |
| MAYA TOIDZE, et al. : | NOVEMBER 15, 2011 |
|     Defendants. : | |

**RULING RE:
PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT
AGAINST DEFAULTED DEFENDANTS (DOC. NO. 145)**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiffs' Motion for Entry of Judgment Against Defaulted Defendants Maya Toidze, Tim Toidze, and Alexandre Ivankine (Doc. No. 145) is hereby **GRANTED IN PART**. Judgment shall enter as follows:

**I.  DECLARATORY AND INJUNCTIVE RELIEF**

In their Substituted Complaint, plaintiffs seek declaratory and injunctive relief against all defendants. See Substituted Compl. (Doc. No. 108) 28. In their Motion for Entry of Judgment Against Defaulted Defendants, plaintiffs seek the same declarations and permanent injunctions against defaulted defendants.[1] See Mot. for Entry of J. (Doc. No. 145) at 2. The declaratory and injunctive remedies sought in the Motion for Entry of Judgment are **SO ORDERED**.

---

[1] Alexandre Avroutine was a defendant in the Substituted Complaint, but the parties have since entered a Joint Stipulation of Dismissal as to Avroutine, and he is therefore not among the defaulted defendants against whom judgment is entered by this Ruling. See Joint Stipulation (Doc. No. 142).

**I.   COMPENSATORY DAMAGES**

A.   To Peter Cook[2]

**$160,000** for 8 membership units in Maya's Meals, purchased in 2006
**$625.56** for contribution after November 2006 capital call by Maya's Meals
**$67,500** for 2.5 membership units in Maya's Meals purchased in 2007
**$500** for 4.375 membership units in Maya's Meals purchased in 2010
**$1,936** for loans to Maya's Meals made after November 2006

**TOTAL: $230,561.56**

B.   To Thea Duell[3]

**$157,500** for loans to Moriland Foods converted to 9.25 membership units in Maya's Meals in February 2006
**$196,666.67** for 9.5 membership units in Maya's Meals purchased in 2006
**$1,466.10** for contribution by Peter Cook on Duell's behalf after November 2006 capital call by Maya's Meals

**TOTAL: $355,632.77**[4]

C.   To Aleksandar Milosavljevic-Cook[5]

**$37,500** for loans to Moriland Foods converted to 2 membership units in Maya's Meals in February 2006
**$60,000** for 3 membership units in Maya's Meals purchased in February 2006
**$390.92** for contribution by Peter Cook on Milosavljevic-Cook's behalf after November 2006 capital call by Maya's Meals

**TOTAL:  $97,890.92**

---

[2] See Pls.' Supplemental Mem. in Support of Mot. for Entry of J. Against Defaulted Defs (Doc. No. 152).

[3] See Aff. of Thea Duell (Doc. No. 148).

[4] In Ms. Duell's Affidavit, the sum of these figures is two cents lower. See Aff. of Thea Duell at ¶10.

[5] See Aff. of Aleksandar Milosavljevic-Cook (Doc. No. 149).

D. To Plaintiffs for Third-Party Decision-Maker[6]

**$5,263** for plaintiffs' share of payments to third-party decision-maker

Therefore, the total compensatory damages amount awarded to plaintiffs is **$689,348.25**.[7]

## II. LEGAL FEES

Further, the court awards the legal fees and expenses to which plaintiffs are entitled based on the defaulted claims of fraud. See O'Leary v. Industrial Park, 211 Conn. 648, 652 (1989) ("[A]ttorney's fees may be awarded as a component of punitive damages. Punitive damages may be awarded upon a showing of fraud."). Plaintiffs engaged the Fairfield County office of the law firm Day Pitney LLP, where Richard Colbert and other attorneys and legal professionals worked on this matter from 2007 to the present. See Supplemental Aff. of Richard P. Colbert, Esq. (Doc. No. 152-1). Attorney Colbert billed plaintiffs at his standard rates, which increased incrementally from $410 per hour in 2007 to $510 per hour in 2011. Other time keepers billed at various rates. The court finds that these constitute reasonable rates for commercial litigation in Fairfield County. Attorney Colbert has submitted a sworn Affidavit to the court, documenting legal fees totaling **$205,172.09**.[8] The court awards that amount in legal fees.

---

[6] See Aff. of Peter G. Cook (Doc. No. 147) at 6.

[7] This total is $50.02 more than the total listed in Cook's Affidavit. See Aff. of Peter G. Cook at 6. In a subsequent filing, Mr. Cook acknowledges that the total in Cook's Affidavit was $50 too low. See Pls.' Supplemental Mem. in Support of Mot. for Entry of Judgment at 5 n.3. The remaining two cent difference is due to the different calculation explained above. See supra n.4.

[8] See Supplemental Aff. of Richard P. Colbert, Esq. at 7, n.7 (explaining that some attorney's fees and costs have been written off by the law firm).

The plaintiffs seek $4,206.08 in costs. Included in this sum are statutory costs which will be awarded by the clerk: filing fees of $1,202.65 and marshal fees of $310.00. See Local Rule Civ. P. 54(c)(1). The court views the following costs as overhead and covered by the hourly rates allows, and disallows them as not reasonable: Automated Document ($28); Beverage Charges ($3); Facsimile ($171); Postage ($174.16); and Teleconference Calls ($8.69). The court also disallows "services rendered" ($124.53) because the court does not know what this "cost" is. Thus, the court awards legal fees to plaintiffs in the amount of **$205,172.09** and costs in the amount of **$2,184.05**.

### III.  CONCLUSION

For the reasons discussed above, the plaintiffs' Motion for Entry of Judgment Against Defaulted Defendants is **GRANTED**. The court awards damages to plaintiffs in the amount of **$689,348.25** and legal fees and costs in the amount of **$207,356.14**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of November, 2011.

                                                             /s/ Janet C. Hall  
                                                          Janet C. Hall  
                                                          United States District Judge