UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER G. COOK, THEA DUELL and ALEKSANDAR MILOSAVLJEVIC-COOK, Individually and on behalf of OF MAYA'S MEALS,<br><br>Plaintiffs,<br><br>Vs.<br><br>MAYA TOIDZE, ALEXANDRE IVANKINE, TIM TOIDZE and ALEXANDRE AVROUTINE<br><br>Defendants | CIVIL ACTION No.  03:07-cv-0712 (JCH)<br><br>DEFENDANTS' MOTION FOR LEAVE<br><br>TO SUBMIT SUPPLEMENTAL MEMORANDUM OF AUTHORITIES FOR CONFERENCE SET FOR MARCH 26, 2013<br><br><br>RE. DEFENDANTS' MOTION FOR RECONSIDERATION UNDER RULES 55(c) AND 60(b)<br><br>MARCH 25, 2013 |

Defendants Maya Toidze ("Toidze"), Alexandre Ivankine ("Ivankine") and Tim Toidze ("Tim") respectfully move this honorable Court for leave to file a proposed Supplemental Memorandum of Authorities, in connection with the Court's Notice of March 22, 2013.  Said Notice, Dkt 197, set a conference in this matter on March 26, 201, and outlined the jurisdictional issue of law under the Court's consideration at this time.

Defendants believe that submitting the proposed supplemental authorities concerning the issue of lack of subject-matter jurisdiction at the time of the Judgment by Default may save judicial resources and time and will be helpful for the Court's consideration and determinations.

The Proposed Supplemental Memorandum of Law and Authorities is enclosed.

1

Respectfully submitted,

Dated: March 25, 2013

Defendants, MAYA TOIDZE,
ALEXANDRE IVANKINE and TIM
TOIDZE

/s/  George Lambert

George Lambert (DC 979327), pro hac vice
Law Offices of Leonard Suchanek
1025 Connecticut Avenue, 1000, NW
Washington, D.C., 20036
Tel. (202) 640 1897, Fax (800) 852 1950
E-mail: lawdc10@aol.com

# (PROPOSED) SUPPLEMENTAL MEMORANDUM OF LAW AND AUTHORITIES

## Introduction.

The Court's Notice of March 22, 2013, Dkt 197, setting the telephonic conference, showed the Court's concerns that it lacked subject-matter jurisdiction, based on the lacking diversity of citizenship, at the time the Judgment by Default was made.

F.R.Civ.P. Rule 12(h)(3) 'Lack of Subject-Matter Jurisdiction' states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The lack of subject-matter jurisdiction may be raised at any point, including by the U.S. Court of Appeals.  See *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 47, C.A.2 (N.Y.),2010.  See *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc*., 588 F.2d 24, 27 (C.A.2, Conn., 1978): "as jurisdiction over the subject matter provides the basis for the court's power to act,… an action must be dismissed whenever it appears that the court lacks such jurisdiction."

2

**a) Relevant Procedural History.**

On January 19, 2010, Dkt 88, the Court stated in its Order, *inter alia*, that "the case is closed". On April 8, 2010, Dkt 90, Plaintiffs filed a Motion seeking to reopen this case, which was granted on June 22, 2010, Dkt 91.

On August 13, 2010, Dkt 93, Plaintiffs filed a motion seeking to file a Substituted Complaint, showing on ECF as an "amendment/correction" of the initial Notice of Removal of by Defendants, Dkt 1. In that filing, amending the initial Notice, Dkt 1, Plaintiffs made no allegations of the grounds for the federal court's jurisdiction.

The Judgment by Default, Dkt 159, was made, upon Plaintiffs' Substituted Complaint, dated August 13, 2010, Dkt 93.

However, the underlying Substituted Complaint, Dkt 95, <u>failed to include a Jurisdictional Statement</u>, claiming the grounds for jurisdiction of the federal Court, as so required for complaints in the federal courts.

The only jurisdictional statement in the Substituted Complaint, Dkt 95, can be found in its ¶70: "*Jurisdiction is proper over the Defendants pursuant to Connecticut General Statutes Section 52-59b et seq.*" (See Exh. A). Axiomatically, that is not a federal statute. The Substituted Complaint also did not allege the complete diversity of citizenship or any diversity of citizenship of the parties, at all. Specifically, the Substituted Complaint pled only the alleged residence of the parties. (Ibid, Exh. A, pp. 1-3). It did not plead the parties' citizenship, as so required under 28 USC §1332(a).

The Substituted Complaint was, however, subject to the mandatory requirement to plead "the grounds for the court's jurisdiction" under F.R.Civ.P. Rule 8(a) 'Claim for Relief': "A pleading that states a claim for relief **must contain**: (1) a short and plain statement of the

grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support". (Highlighting added).

Reverting to the Order, Dkt 88, determining that the case was closed, that case had been closed upon the parties entering a Stipulated Settlement Agreement on June 29, 2007, Dkt 31, approved by the Court on the same day, Dkt 32.  However, that Sripulated Agreement stated, at ¶19, only that "[T]he Court shall retain jurisdiction to enforce the terms of this Order".  The Stipulated Order, Dkt 32, did not say that jurisdiction of this Court would be retained for any other purposes, for example, as it turned out later, for expanding and adjudicating Plaintiffs' claims, including the new claims, in the very same case.

Nearly 3 years later after the Stipulated Settlement Agreement (ca. 2 years and 9 months), on April 10, 2010, Plaintiffs filed, as mentioned above, a Motion seeking to reopen this case, Dkt 90.  Prior to that Motion, the only citation of the grounds for federal jurisdiction can be found in Defendants' Notice of Removal, Dkt 1, of May 4, 2007.  However, the effect of the Notice of Removal was discontinued when the case was closed on June 29, 2007, and the Notice of Removal was amended/corrected by Defendants' own filing, Dkt 93.  Plaintiffs were thus obligated to plead anew the contemporaneous grounds for exercising federal jurisdiction when they sought to reopen the case.  Plaintiffs were obligated to include a proper Jurisdictional Statement in their Substituted Complaint.

Plaintiffs, however, failed to do so, namely to plead the jurisdictional grounds for asserting the jurisdiction of the federal court for reopening it.  Plaintiffs' negligence or their calculated omission resulted in this Court's having no subject-matter jurisdiction here since the case was reopened.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir.1998). Because federal courts have limited subject-matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999).

### b) Plaintiffs' Failure to Plead Jurisdiction and Diversity of Citizenship in the Substituted Complaint Was Fatal for Subsequent Judgment by Default.

The federal law is clear. A complaint that merely anticipates that defense will raise federal issue does not create federal jurisdiction. *Cable Television Ass'n of New York, Inc. v. Finneran*, C.A.2 (N.Y.) 1992, 954 F.2d 91. "Jurisdiction" within provision of Rule 8 requiring that complaint must contain short and plain statement of grounds upon which the trial court's jurisdiction depends, means subject matter rather than personal jurisdiction. *Stirling Homex Corp. v. Homasote Co.*, C.A.2 (N.Y.) 1971, 437 F.2d 87.

Essentially all Circuits and District Courts that addressed this issue are in agreement on that issue of law, as Defendants' research shows. Namely, a complaint which makes no adequate statement of jurisdictional facts is fatally defective. See *Ivey v. Frost*, C.A.8 (Mo.) 1965, 346 F.2d 115; *Spain v. U.S. Through Atomic Nuclear Regulatory Commission*, D.C.La.1975, 397 F.Supp. 15. A complaint was insufficient where the complaint lacked the most basic element required to litigate in the federal courts, viz., the assertion of a jurisdictional ground upon which the district court could exercise its limited jurisdiction. See *Miclau v. Miclau*, D.C.Puerto Rico, 1972, 58 F.R.D. 207. The federal district court lacked jurisdiction, where a complaint, which lacked allegations as to citizenship, failed to show complete diversity of citizenship or basis for federal jurisdiction. See *Taylor v. DuRose*, E.D.Wis.1967, 277 F.Supp. 398.

A non-compliance with this rule, requiring that claim for relief contain short and plain statement of grounds upon which court's jurisdiction depends, results in dismissal of the complaint unless such defect is corrected by an amendment. See *Truck Drivers and Helpers Local Union No. 696 v. Grosshans & Petersen, Inc.*, D.C.Kan.1962, 209 F.Supp. 164; *Jeffers v. U.S.*, E.D.Wis.1955, 133 F.Supp. 426; *Lewis v. Clarence Coal Min. Co.*, D.C.Pa.1955, 127 F.Supp. 797; *Gustafson v. Fred Wolferman, Inc.*, W.D.Mo.1945, 6 F.R.D. 503. A complaint would be dismissed for failure to aver the grounds upon which court's jurisdiction depended. See *Bockelman v. Seaton*, W.D.Mo.1944, 4 F.R.D. 326.

In a diversity case, the very power of federal court to adjudicate a claim depends upon pleading of jurisdiction and, until jurisdiction is clear from the record, any order court may enter relating to rights of parties involved is void. See *Carroll v. General Medical Co.*, D.C.Neb.1971, 53 F.R.D. 349.

### c) Plaintiffs' Failure to Plead Jurisdiction and Citizenship of Parties Was not Mere Formality, but Was the Threshold Requirement for Asserting Jurisdiction.

As Justice Sotomayor wrote (when she was the appellate judge of the Second Circuit): "Diversity jurisdiction requires that "all of the adverse parties in a suit ... be completely diverse with regard to citizenship," citing *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998). See *Handelsman v. Bedford Village*, 213 F.3d 48 (2nd Cir.2000). Reversing and remanding, Justice Sotomayor pointed out in *Handelsman* to the jurisdictional issues for limited liability companies ("for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership"). Ibid *51. See the same finding in *Rolling Greens v. Comcast*, 374 F.3d 1020 (11th Cir.2004), and in *Commonwealth Insurance v. Titan Tires*, 398 F.3d 879 (7th Cir.2004).

In *Belleville Catering v. Champaign Market*, 350 F.3d 691 (7th Cir.2004), the Court, upon discovery of incomplete diversity, annulled even the jury trial award ("litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, pleading the grounds for diversity jurisdiction was particularly necessary and the mere existence of the required complete diversity was not apparent at all. For example, with regard to the Stipulated Order, Dkt 32, Plaintiffs required to add one more party on the side of Defendants, Lilijana Milosavlievic ("Lilijana"), the wife of Plaintiff Peter Cook ("Cook"), even though Plaintiffs did not properly move to join Lilijana as an indispensable party under Rule 19. Upon the divorce proceedings, Liljiana was awarded a portion of Cook's interest in that LLC and she was a member of Maya's Meals LLC ("Maya's Meals—Delaware"). See Exh. A, at p. 3. Adjudication of the rights in that LLC without joining Lilijana would have been incomplete. The couple, even though going through divorce proceedings, apparently had the same citizenship. A public database, Mylife, at http://www.mylife.com/c-503546257, shows, to quote that "Ljiljana lived in Greenwich, CT from 2004 to 2009". That means that at the relevant time Lilijana and Cook were the citizens of Connecticut. That destroyed the complete diversity. Plaintiffs' insistence to include Lilijana into the Stipulated Agreement, but without properly moving the Court to join her as an ad hoc co-Defendant, may have been calculated to avoid showing that a complete diversity was in effect lacking.

As Plaintiffs conceded, despite pleading its registration in this State, Maya's Meals—Delaware was actually not registered in Connecticut. Being registered in Delaware it took jurisdiction of each of its members. As Defendants previously showed, the Chancery Court of Delaware has the exclusive jurisdiction for adjudging claims among the members of a Delaware LLC. An exception would be if the members would have contracted remedies be redressed in

7

another State, which was not the case of Maya's Meals—Delaware, whose Operating Agreement reverts to the law of, and forum in, Delaware. These jurisdictional issues must have been pled upon Plaintiffs' reopening the case. It is irrelevant whether that failure was caused by Plaintiffs' negligence or rather calculating to obscure jurisdictional defects for adjudication of their claims in the U.S. District Court.

In sum, the federal jurisdiction was not apparent in this case, nor pled by Plaintiffs in the Substituted Complaint (or in any of their prior pleadings), when pleading the grounds for federal jurisdiction is strictly required. Plaintiffs did not meet the basic precondition for asserting the limited jurisdiction of the federal court for the claims in their Substituted Complaint.

### d) Plaintiffs Were Obligated to Plead Complete Diversity of Citizenship Instead of Allege Residency of Parties; Such Defect Being Also Fatal to Jurisdiction.

The Substituted Complaint (and Plaintiffs' earlier pleadings in this case) also did not plead the "citizenship" of any party, merely alleging their residencies. See Exh. A, pp. 1-3. This defect is also fatal to the jurisdiction here, particularly when it would be based on the diversity of citizenship. As one Court said, jurisdiction is not a speculative matter, and it is a fundamental principle of federal law, upon which jurisdiction depends, such as citizenship, <u>must</u> be clearly alleged. *Wolsum v. J. W. Bateson Co.*, W.D.Mo.1960, 182 F.Supp. 879.

In alleging the citizenship of the individual parties, for federal jurisdictional purposes, it is not sufficient to allege residence of the parties (as Plaintiffs did here). See *Gorman v. King*, E.D.Wis.1970, 50 F.R.D. 195. See *Nadler v. American Motors Sales Corp.*, C.A.5 (Tex.) 1985, 764 F.2d 409 (pleading residency is insufficient). Plaintiff in a diversity suit did not carry the burden of pleading diverse citizenship, where the complaint alleged only the residency rather than the citizenship. See *Strain v. Harrelson Rubber Co.*, C.A.5 (Tex.) 1984, 742 F.2d 888.

8

In a diversity case, it is not enough for a plaintiff to allege that claim is within diversity jurisdiction; rather, the complaint must allege the citizenship of the parties.  See *Hammes v. AAMCO Transmissions, Inc*., C.A.7 (Ind.) 1994, 33 F.3d 774, rehearing and suggestion for rehearing en banc denied.  Federal jurisdiction must be affirmatively alleged in pleadings, and, where it is based on diversity of citizenship, citizenship of parties must be positively averred. See *Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, E.D.N.Y.1984, 581 F.Supp. 19.

### Conclusion.

The numerous authorities cited by Defendants *supra* support and confirm this Court's tentative finding in its Notice of March 22, 2013, that at the time this Court made the Judgment by Default in this matter, it lacked the subject-matter jurisdiction.

Respectfully submitted,

Dated: March 25, 2013

        Defendants, MAYA TOIDZE,
        ALEXANDRE IVANKINE and TIM
        TOIDZE

        <u>/s/  George Lambert</u>
        George Lambert (DC 979327), pro hac vice
        Law Offices of Leonard Suchanek
        1025 Connecticut Avenue, 1000, NW
        Washington, D.C., 20036
        Tel. (202) 640 1897, Fax (800) 852 1950
        E-mail: lawdc10@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2013, a copy of the foregoing Objection concerning the Opposition to Plaintiffs Motion was filed electronically and/or served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/   George Lambert
George Lambert (D.C. 979327), pro hac vice
Law Offices of Leonard Suchanek
1025 Connecticut Ave, 1000, NW
Washington, D.C., 20036
Tel. (202) 640 1897, Fax (800) 852 1950
E-mail: lawdc10@aol.com